## WHITE *against* HUNT.

In an action of trespass, if plaintiff recovers less than £50 damages, he shall not recover costs.

The rule is the same, whether the damages are assessed by a jury on the trial or on a writ of inquiry.

---

This was an action of trespass for an assault, battery, and wounding. On a judgment by default, the plaintiff proceeded before the sheriff and the jury, on the execution of the writ of inquiry, assessed the plaintiff's damages at £4 10s. The plaintiff entered up judgment, taxed full costs, amounting to £12 1s. and issued a *fi. fa.*

The defendant obtained a rule upon the plaintiff to shew cause why, upon bringing into court the amount of the damages that have been assessed by the jury, the *fi. fa.* should not be set aside as to the costs, and satisfaction entered on the record.

*R. Stockton*, for the rule. This question depends wholly upon the construction that is to be given to the fifth section of the act of June 5, 1782. It is enacted by that section, that "if any person shall commence, sue, or prosecute any suit, for any debt or demand in the Supreme Court of this state, and shall obtain a verdict thereon for debt or damages, which verdict, without costs of suit, shall not amount to £50, such person so prosecuting, shall not recover or have any cost in such suit, unless under the same exceptions as are expressed in the act, entitled an act to prevent actions of fifteen pounds and under, being brought in the Supreme Court of this colony, any law, usage, or custom," &c. *Wilson's Laws* 264.

In this act, the word "demand" must possess some meaning different from "debt," and the "damages" to be recovered, as well as the debt, must exceed £50. In the act referred to as furnishing the exceptions, they are stated to be actions in which titles of lands, tenements, hereditaments, or other real estate are any wise concerned." *Allinson's Laws* 159. Every other species of demand is therefore within the law, and it must apply to actions of trespass. The same language is employed by the legislature in a recent act, passed 6th November, 1797. *Paterson's Laws* 258.

*Leake* and *A. Ogden*, contra. The act of 1782 cannot be understood to include a case like the present, where an action is brought for an injury not cognizable before a justice; (*Allinson* 473) nor, indeed, can it be considered as embracing any cases of *tort*. This clearly appears to have been the understanding of the legislature, for in the act of the 18th of February, 1795, (*Paterson* 149) in the fourth section, it is declared, that "in all actions of trespass and assault and battery, commenced or prosecuted in the Supreme Court, wherein the judge at the trial of the cause shall not find and certify that an assault and battery

was proved, &c., in case the jury shall find the damages to be under the value of six dollars, the plaintiff shall recover no more costs than damages." If the acts which have been cited on the other side of the question were considered by the legislature as embracing a case like the present, this act would be both useless and absurd. It is the duty of the judiciary, as far as possible, so to construe the acts of the legislature as to make them harmonize.

If, however, the previous acts, by a strict construction, be considered as embracing the case before the court, still the act of 1795, being posterior in date, repeals and annuls the previous provisions of the legislature.

Another ground of objection to this rule is derived from the circumstance of this being a verdict of a jury of inquiry. A distinction exists between a verdict, and damages on inquisition, for in the latter case any damages, however small, carry costs. *Sayer on Costs* 30. *Scheiffer's Prac.* 220, *note* 22.

*Stockton,* in reply.

KINSEY, C. J. The question before the court seems to turn upon the construction of several acts of assembly. Within my knowledge, no judicial construction has ever been given to the act of 1782, but my brother *Boudinot* recollects a case in which the act of February 18, 1747–8, which is referred to in the subsequent act, was held to extend to cases of *tort* as well as of contract. The word in the act is *demand*, and this *Lord Coke*, in his 1st *Institute*, considers as a word of extensive signification, and including everything which may be demanded by suit.

In the construction of the acts of the legislature, it has ever been held a sound and wholesome rule, that when divers laws are made relating to one subject, the whole must be considered as constituting one system, and mutually connected with each other.

Another rule is, that when the legislature have made use of a particular expression, and given to it a plain and precise signification, the same word, when used in other proceedings, ought, unless the contrary appears manifestly right, to receive the same construction. It is unreasonable to presume that the legislature intended by the same words, to convey different ideas.

In applying these rules, it is to be remarked, that in the law of 1747–8, the words used are, "any suit or action whatsoever." The expression is general, and cannot, by any rule of construction, be limited to actions of contract. But every doubt must be removed when the exceptions pointed out in this act are referred to, and its operation is expressly restricted to actions in which the title to real estate is not in controversy. The legislature, by specifying this exception, have negatived the idea of any other, and we cannot presume to alter or deviate from their language.

The next act to which it seems material to refer, is that of 1782, on the fifth section of which the question depends; that act makes use of the same comprehensive word "demand," and adds, that "if any person shall recover by verdict *or* judgment, less than £50, he shall not recover costs." Upon this clause it is to be observed, that the word "or" is disjunctive, and the phrase, as it stands, equally embraces verdicts on trial and judgments by default.

This construction is strengthened by a reference to some other acts not so directly connected with the present question. By the twelfth section of the act of February 11, 1775, (*Allinson* 463,) it is enacted, that "if any person shall sue, except before a justice, for any debt or demand, and shall obtain a verdict or judgment thereon, which, without costs, shall not amount to £6, he shall recover no costs." These words are sufficiently comprehensive to include every species of action, whether founded on contract or *tort ;* and the legislature, therefore, were obliged, by a special exception, to exclude actions of replevin or slander, actions of tres-

.pass for assault and battery or imprisonment, &c., thus declaring, that without a particular exception, these actions would have been within the meaning of the previous section.

It is contended, however, that this act of 1782 is repealed by that of 1795, by which it is enacted, that " in all actions of this nature, commenced or to be commenced, if the plaintiff recovers less than six dollars, he shall be allowed no more costs than damages." This suit was commenced in 1794, previous to the passing of this law, and cannot, therefore, be considered as included within its provisions, unless the language clearly implies a retrospective operation. The word " commenced " is used in one section, and " to be commenced " in the other, but we do not think that this alteration in the phraseology is sufficient to induce the court to put a construction of this kind upon language so ambiguous. I am of opinion that the rule should be made absolute.

SMITH, J. concurred.

KIRKPATRICK, J.   The import of the word " demand," as understood by the legislature, seems to be settled in the act of February, 1775, and I think we must give it the same construction in that of 1782.   I am not altogether satisfied with this construction, and am inclined to adopt it, not because it is clear of difficulties, but because it seems to be the freest of embarrassment.

In regard to the distinction taken between the words " commenced " and " to be commenced," I am not satisfied that the legislature, though they varied their phraseology, varied their meaning; and when there exists a reasonable doubt, as there unquestionably does in this case, I am disposed to give the words that construction which is most consistent with reason and equity.

BOUDINOT, J. concurred with the Chief Justice.

Rule absolute.